13  257
e117  281

### LONG *vs.* FRENCH.

APPEAL FROM THE PARISH COURT, FOR THE PARISH AND CITY OF NEW-ORLEANS.

An agreement to sell a lot of ground, in which it is designated, and the the price and terms of payment specified, is a sale, according to article

2431 of the Louisiana Code, and the seller is bound to execute a title accordingly.

Property claimed in a suit, in virtue of a sale, cannot be alienated by the adverse party, pending the action, so as to prejudice the plaintiff's right.

This is an action in which the plaintiff seeks to compel the defendant to make him a title to a certain lot of ground in the city of New-Orleans, in pursuance of a memorandum of sale.

The plaintiff alleges he has paid two hundred dollars in cash, and is ready to assume the other payments, according to agreement, but that the defendant has refused and failed to make him a legal title, to his damage four hundred dollars. He prays judgment, compelling the defendant to execute a title to the property, and for his damages.

The defendant pleaded a general denial; and avers, that he agreed with the plaintiff to cede to him his bargain or purchase of the property in question, and to put him in his place, for the sum of two thousand dollars, and to transfer to him the same right and title by which he had acquired it, without warranty except as to himself; that he has offered and tendered a transfer of said title to the plaintiff, who refused to accept it; whereupon, he offered to return him the two hundred dollars he had paid, which he also refused. He prays judgment in his favor, and for costs.

Upon these pleadings and issues, the cause was tried by the court.

The memorandum of sale, or agreement, upon which the plaintiff sued, is as follows:

"Benjamin F. French sold to Wm. Long one lot of ground in Duplantier-street, between Constance and Annunciation-streets; measuring, on Duplantier-street, twenty-four feet, by one hundred and twenty-seven feet in depth. Terms, two hundred dollars in cash; and to assume payment of notes now due on the property.

BENJAMIN F. FRENCH.
WILLIAM LONG."

Some evidence was introduced, relative to the tender and demand of the plaintiff, to have the sale executed, and the refusal of the defendant ; upon which the parish judge sums up the case as follows :

" 1. That a promise to sell amounts to a sale, when there exists a reciprocal consent of both parties, as to the thing and the price thereof. *Louisiana Code*, 2437.

2. That such promise and consent is proved by the memorandum signed by the two parties, and delivered to J. B. Marks, notary public.

3. That it is in evidence that the plaintiff paid to the defendant two hundred dollars in cash, as stipulated between the parties.

4. That it is also in evidence, that the plaintiff tendered to, the defendant an amount more than sufficient to meet the payment of the two mortgage notes which became due in the beginning of January, 1837, and were among the notes the payment of which the plaintiff had assumed.

5. That according to articles 1757, 2449, 2450, 2451, 2477, 2479, of the Louisiana Code, warranty being implied in every sale, unless there be some contrary stipulation, such warranty must have been in the contemplation of the parties, when they signed the promise or consent delivered to the notary, and that therefore the defendant cannot legally refuse such warranty to the plaintiff.

6. That by the refusal and delay on the part of the defendant, to pass such an act of sale as the plaintiff had a right to demand, he has occasioned to said plaintiff damages to an amount of at least two hundred dollars."

Judgment was rendered, ordering the defendant to execute to the plaintiff a full and legal title for the lot of ground in question, on the latter complying with the terms and conditions of sale, and that the defendant pay two hundred dollars in damages, and the costs.

The defendant prayed for a new trial, on the following grounds :

1. That the judgment is contrary to law and evidence.

2. The judgment for the specific performance of the pro-

mise to sell, cannot be executed, because the defendant has sold the property in dispute to another person ; and if the plaintiff is entitled to any judgment, it can only be for damages.

The new trial was refused, and the defendant appealed.

*Strawbridge,* for the plaintiff, asked for the affirmance of the judgment, with ten per cent. damages.

*Roselius,* for the defendant and appellant, contended that the evidence showed that the defendant offered to execute an authentic title to the property in question, but the plaintiff refused to accept it ; after this it was sold to another person. Ought the plaintiff to complain of this ?

2. The defendant was never under any obligation to sell the property to the plaintiff, for the writing relied on is not a promise to sell.

3. There is no proof in support of the damages awarded.

4. At all events the judgment of the court below must be reversed, because it is shown that it is impossible for the appellant to execute it, having transferred the title to the property to another person. Under such circumstances the plaintiff can only recover damages. *Louisiana Code, articles* 1920, 1921.

*Eustis, J.,* delivered the opinion of the court.

The plaintiff alleges, that he contracted with the defendant for the purchase of a lot of ground, by an agreement annexed to the petition ; that he has paid to the defendant the sum of two hundred dollars, part of the price of the lot, and that the defendant refuses to comply with his contract, though requested by the plaintiff: he lays the damages at four hundred dollars. The object of this suit is to compel the defendant to execute a conveyance of the property by authentic act, and to recover damages.

By the tenor of the instrument referred to, it appears that " *Benj. F. French sold to Wm. Long*" the lot in question ; the terms were two hundred dollars cash, and the purchaser

to assume payment of notes due on the property. The agreement is signed by the parties. It is without date, but the time of its execution is established with sufficient certainty by evidence. The price to be paid, we consider to be sufficiently definite, and the instrument itself, as a sale, according to the article 2431 of the Louisiana Code.

The plaintiff appears to have performed all the requisites of the law in relation to his part of the contract, and we attach no weight to the reasons given by the defendant for his refusal to execute the conveyance.

The defendant, after the institution of this suit, made a sale of the property in litigation to another person, and has urged, in a motion for a new trial, this fact as a matter of defence against this action.

The assertion of this right on the part of the defendant, is in direct opposition to the article 2428 of our code. "The thing claimed as the property of the claimant, cannot be alienated pending the action, so as to prejudice his right." It is equally subversive of the first principles of justice, and only receives our notice for the purpose of expressing, as we feel ourselves bound to do, our reprobation of it. This act on the part of the defendant, shows a settled determination on his part to sport with his contract, and to defeat, at all hazards, every effort which his adversary may make to obtain his just rights from the tribunals of his country. It is to be regretted that parties will not understand, that in conduct like this, they can receive neither aid nor countenance from a court of justice. We give no opinion on the question of the admissibility of the evidence concerning special damage, under the general allegation in the plaintiff's petition. We think the sum of two hundred dollars no more than sufficient to compensate the party for damages incident to this breach of contract, particularly as the defendant, by his act of sale of the 2d of November, 1836, has shown to us that the lot could have been sold at a large profit

The judgment of the parish court is affirmed, with costs in both courts.

EASTERN DIST.
*April*, 1839.

LONG
*vs.*
FRENCH.

An agreement to sell a lot of ground in which it is designated and the price and terms of payment specified, is a sale according to article 2431 of the Louisiana Code, and the seller is bound to execute a title accordingly.

Property claimed in a suit in virtue of a sale, cannot be alienated by the adverse party pending the action, so as to prejudice the plaintiff's right.